UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZIPSTORM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SEEK LIMITED, an Australia company limited by shares,<br><br>Defendant. | No. 2:24-cv-1446<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff ZipStorm, Inc. ("Plaintiff" or "ZipStorm"), by and through its undersigned counsel, for its complaint against defendant Seek Limited ("Defendant" or "Seek"), alleges as follows:

## I.     NATURE OF ACTION

1. This is an action for Declaratory Judgment for non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.

2. This action arises from a real and immediate controversy between Plaintiff and Defendant as to whether Plaintiff's use of its SEEKOUT word and design trademarks (the "SEEKOUT Marks") infringes Defendant's trademark rights, and as to the validity of Plaintiff's federal registrations and application for the SEEKOUT Marks.

COMPLAINT – 1
(No. )

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## II.   THE PARTIES

3. Plaintiff ZipStorm, Inc. is a Delaware corporation with its principal place of business in Bellevue, Washington.

4. Upon information and belief, Defendant Seek Limited is an Australia company limited by shares with its principal place of business in Melbourne, Australia.

## III.   JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action because it arises under 28 U.S.C. § 2201 (the Declaratory Judgment Act), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (original jurisdiction over trademark claims).

6. Jurisdiction is further proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy is between a citizen of a state and a citizen of a foreign state.

7. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has sufficient contacts with the State of Washington to subject it to personal jurisdiction here.  As further detailed herein, Defendant operates websites using Defendant's Mark accessible in the United States and in Washington and, on information and belief, residents of Washington state have accessed Defendant's websites.

8. Further, this Court has personal jurisdiction over Defendant because this district is the district in which a substantial part of the events giving rise to the claims occurred.  In particular, Defendant has asserted that Plaintiff, a corporation with its principal place of business in this district, and which has conducted a substantial portion of its business under its SEEKOUT Marks in this district, has infringed Defendant's trademark rights, and has threatened to prevent Plaintiff, a corporation with its principal place of business in this district, from using the SEEKOUT Marks in connection with its products and services.  Furthermore, Defendant wrote the letter that threatens litigation and gives rise to this action knowing that it would have material impact on Plaintiff, Plaintiff's business, and Plaintiff's rights, all in Washington.

COMPLAINT – 2
(No. )

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

9. Venue is proper in this Court under 28 U.S.C. § 1391(c)(3) because Defendant is not a resident in the United States.

## IV.   FACTS AND BACKGROUND

**A.   Plaintiff, its Business, and the SEEKOUT Marks**

10. Founded in 2017, Plaintiff has advertised, marketed, built, and provided an industry leading recruiting and talent optimization tool that enables employers to quickly hire, grow, and retain talent while focusing on diversity, technical expertise, and other hard-to-find skillsets. Through significant investment, Plaintiff has earned substantial goodwill and consumer recognition in the SEEKOUT Marks for use in connection with its recruitment and talent optimization products and services.

11. Plaintiff has operated its business under the SEEKOUT Marks since at least as early as August 25, 2017, raising over $189 Million in funding since its founding. In 2021, Plaintiff was crowned GeekWire Startup of the year, ranked number two in the B2B category of The Information's 50 Startups to Watch list, and was included on Madrona's Intelligent Apps Top 40 list.

12. Plaintiff has continuously used the SEEKOUT Marks in connection with a business-to-business SaaS talent optimization solution platform ("Plaintiff's Offerings") since at least as early as August 25, 2017 in the United States and other jurisdictions.

13. Plaintiff's Offerings are employer-focused, targeting employers looking to hire and optimize talent.

14. Plaintiff maintains a website, located at www.seekout.com, which offers information about Plaintiff and Plaintiff's Offerings, and through which Plaintiff sells its products and services.

15. Plaintiff's website serves as its primary marketing vehicle, is globally accessible, and provides Plaintiff's employer customers access to Plaintiff's talent recruitment and management platform.

COMPLAINT – 3
(No. )

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

16. To secure its trademark rights, Plaintiff applied to register the SEEKOUT Design mark with the U.S. Patent & Trademark Office ("USPTO") on April 6, 2019. Plaintiff's application was assigned U.S. Application Serial No. 88/374,648. The application was reviewed by the USPTO and ultimately published for third-party review and opposition in the Official Gazette on September 3, 2019. The application was not opposed and was subsequently registered on November 19, 2019 (U.S. Reg. No. 5913168) (the "'168 Registration"). A true and correct copy of the registration certificate for the '168 Registration is attached hereto as Exhibit A and fully incorporated herein.

17. Additionally, Plaintiff applied to register the SEEKOUT word mark with the USPTO on April 22, 2019. Plaintiff's application was assigned U.S. Application Serial No. 88/395,702. The application was reviewed by the USPTO and ultimately published for third-party review and opposition in the Official Gazette on September 10, 2019. The application was not opposed and was subsequently registered on November 26, 2019 (U.S. Reg. No. 5919018) (the "'018 Registration") (together, the '168 Registration and '018 Registration shall be referred to herein as "Plaintiff's Registrations"). A true and correct copy of the registration certificate for the '018 Registration is attached hereto as Exhibit B and fully incorporated herein.[1]

18. Plaintiff's Registrations claim first use dates at least as early as August 25, 2017. *See* Exhibits A and B.

19. Further, Plaintiff applied to register an additional SEEKOUT Design mark with the USPTO on April 24, 2024. Plaintiff's application has been assigned U.S. Application Serial No. 98/517,080 ("Plaintiff's Application"). Plaintiff's Application is currently pending, awaiting assignment to an examining attorney. A true and correct copy of Plaintiff's Application is attached hereto as Exhibit C and fully incorporated herein.

---

[1] Plaintiff's Registrations initially contained typographical errors. On May 28, 2024, Plaintiff submitted USPTO filings to correct these typographical errors, and understands that the USPTO will update the record to reflect the correct Registration details in due course.

COMPLAINT – 4
(No. )

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

20. Plaintiff's Registrations remain active, conferring nationwide rights in the SEEKOUT Marks to Plaintiff in connection with Plaintiff's Offerings.

21. Plaintiff has invested a substantial amount of time, money, and effort to promote and advertise its products and services under the SEEKOUT Marks.

22. Plaintiff markets and provides its products and services under the SEEKOUT Marks extensively through its website, www.seekout.com, through social media accounts such as LinkedIn, and through other marketing and advertising materials.

23. Since 2017, Plaintiff has built substantial goodwill in its SEEKOUT Marks, and the SEEKOUT Marks have become integral to its business.

**B.    Defendant Directs Substantial Resources In and To the United States**

24. Defendant does a substantial amount of business in, and directs significant resources at and to, the United States. Upon information and belief, Defendant wholly owns a subsidiary, JobAdder Inc., which is a Colorado corporation with a principal place of business at 4460 Saurini Blvd., Commerce City, Colorado 80217-0381, United States of America.

25. Moreover, upon information and belief, Defendant has invested substantially in numerous United States-based corporations, including at least: Coursera, Inc., a Delaware corporation; AVENU Learning, LLC, a Delaware limited liability company; and Talespin Reality Labs, Inc., a Delaware corporation.

26. In addition, upon information and belief, Defendant has invested in numerous businesses with United States operations, including: Go1 Pty Limited, an Australian-based company with an office in San Francisco, California; Hi Bob, Inc., a corporation founded in Israel with offices in New York, New York; Jobs and Talent S.L, a Spain private limited company with offices across the United States; and Workana, LLC, an Argentina based company registered as a Delaware limited liability company.

COMPLAINT – 5
(No.  )

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

### C. Defendant's Mark and Threatened Action

27. Upon information and belief, Defendant operates an online employment marketplace platform targeting job seekers ("Defendant's Offerings") under the name SEEK ("Defendant's Mark"). Defendant and Defendant's Offerings are employee-focused, primarily targeting job seekers who are searching online for new job opportunities.

28. Defendant's websites providing Defendant's Offerings, www.seek.com and www.seek.com.au, are accessible to consumers in the United States and in Washington. In fact, according to analytics from Semrush traffic analytics as of September 4, 2024, visits from United States consumers rank the United States as the fourth most popular country to visit the seek.com.au website, constituting 1.64% of the website's visitors. In addition, also according to Semrush traffic analytics, more than 125,000 unique visitors from the United States have visited Defendant's websites. On information and belief, many of those United States website visitors reside in Washington.

29. Since at least as early as November 2021 and still today, Defendant has objected to Plaintiff's use and registration of the SEEKOUT Marks.

30. On November 2, 2021, and December 9, 2021 (refiled on December 22, 2021), Defendant filed opposition actions against Plaintiff's Singapore trademark applications for SEEKOUT (International Registration No. 1583861 Designating Singapore Application No. 40202107786W) and SEEKOUT Design (International Registration No. 1586826 Designating Singapore Application No. 40202108905X). True and correct copies of these World Intellectual Property Organization filings designating Singapore are attached hereto as Exhibit D and fully incorporated herein.

31. Following years of attempted settlement negotiations, on June 14, 2024, Plaintiff filed an invalidation action in Singapore against Defendant's Singapore Registration No. 40202004291S for SEEK.

COMPLAINT – 6
(No. )

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

32. On August 30, 2024, Defendant sent a demand letter to Plaintiff, threatening in part to "commence proceedings against [Plaintiff] for trade mark infringement" unless Plaintiff ceases use of the "SEEKOUT Marks[] in Singapore and other countries in which [Defendant] has prior rights in and to SEEK." (*emphasis added*). A true and correct copy of the demand letter is attached hereto as Exhibit E and fully incorporated herein.

33. Defendant's threats of infringement action concerning Plaintiff's use of its SEEKOUT Marks in undisclosed countries expands this dispute outside of Singapore and into the countries that Plaintiff currently uses its SEEKOUT Marks, including the United States, where Defendant offers Defendant's Offerings under Defendant's Mark and otherwise has substantial business interests.

34. As a result of Defendant's threats to initiate an infringement action against Plaintiff should Plaintiff continue use of its SEEKOUT Marks, Plaintiff has a real and reasonable apprehension that Defendant will take action against Plaintiff in the United States should it continue use of its SEEKOUT Marks, which use is integral to Plaintiff's entire business, which is conducted nearly entirely online and serves a global customer base of employers and their employees from its website which incorporates the SEEKOUT Mark, and which is located at the seekout.com domain.

35. Defendant's express threat to challenge Plaintiff's use of its SEEKOUT Marks creates a significant risk for Plaintiff's business in the United States, including Washington, and would have a ripple effect, also impacting employers, including Washington based employers, which use Plaintiff's SEEKOUT-branded platform and could lose access to a critical element of their talent acquisition operations. Accordingly, Defendant's threat renders declaratory judgment necessary and appropriate at this time in order for the parties to ascertain their respective rights.

## V. REQUEST FOR DECLARATORY JUDGMENT

36. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully restated.

COMPLAINT – 7
(No. )

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

37. There is a justiciable dispute between the parties as to whether Plaintiff's use and federal registration of the SEEKOUT Marks infringes any trademark rights that Defendant might own in Defendant's Mark in the United States, constitutes false designation of origin, unfair competition, or an unfair or deceptive trade practice under state or federal law, including the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), or otherwise violates any rights Defendant might own, as well as Plaintiff's right to maintain its federal registrations for its SEEKOUT Marks.

38. Plaintiff has priority in the United States with respect to its SEEKOUT Marks and any rights that Defendant might claim concerning Defendant's Mark.

39. Plaintiff used and uses the SEEKOUT Marks in connection with and to further legitimate business purposes, and Plaintiff's use and registration of the SEEKOUT Marks does not and will not: (a) infringe any trademark rights Defendant might own in the United States under 15 U.S.C. §§ 1114 or 1125(a) or any other state or federal law; (b) constitute false designation of origin under 15 U.S.C. § 1125(a) or any other state or federal law; (c) constitute unfair competition under 15 U.S.C. § 1125(a) or any other state or federal law; or (d) otherwise violate any rights Defendant might own.

40. As alleged herein, there is a real, immediate, and justiciable controversy concerning these issues. Defendant's own actions—in sending a demand letter directed at Plaintiff in Washington state threatening to commence trademark infringement proceedings—make clear there is an immediate and justiciable dispute that has existed since at least as early as August 30, 2024.

41. By this action, and to afford relief from the uncertainty and controversy which Defendant's threats have precipitated, Plaintiff seeks and is entitled to a declaratory judgment that its use and registration of the SEEKOUT Marks, including Plaintiff's Registrations and Plaintiff's Application, does not and will not: (a) infringe Defendant's trademark rights under 15 U.S.C. §§ 1114 or 1125(a) or any other state or federal law; (b) constitute false designation of origin under 15 U.S.C. § 1125(a) or any other state or federal law; (c) constitute unfair

COMPLAINT – 8
(No. )

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

competition under 15 U.S.C. § 1125(a) or any other state or federal law; or (d) otherwise violate any rights Defendant might own in the United States.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A. A declaratory judgment that Plaintiff's use of the SEEKOUT Marks in connection with its services does not violate § 32 of the Lanham Act, 15 U.S.C. § 1114, § 43(a) of the Lanham Act, 15 U.S.C., § 1125(a), or otherwise constitute trademark infringement under the Lanham Act;

B. That the Court enter judgment declaring that Defendant has not suffered harm and is not entitled to injunctive relief, damages, or any other relief under 15 U.S.C. § 1117 or otherwise under law;

C. That the Court enter judgment declaring that Plaintiff's registrations for the SEEKOUT mark (U.S. Reg. No. 5919018) and SEEKOUT design mark (U.S. Reg. No. 5913168) are valid;

D. An award of attorneys' fees and costs to Plaintiff to the extent permitted by law; and

E. For such other relief as the Court deems just and proper.

COMPLAINT – 9
(No. )

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Dated: September 12, 2024

*s/William C. Rava*
William C. Rava, Bar No. 29948

*s/Katie Christensen*
Katie Christensen, Bar No. 54381

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
WRava@perkinscoie.com
KChristensen@perkinscoie.com

COMPLAINT – 10
(No. )