UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZIPSTORM INC, <br><br> Plaintiff, <br><br> v. <br><br> SEEK LIMITED, <br><br> Defendant. | CASE NO. C24-1446-KKE <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

Plaintiff ZipStorm, Inc. ("ZipStorm") sues Defendant Seek Limited ("Seek") for a declaratory judgment that ZipStorm's use of certain trademarks is legal and that its trademark registrations are valid. Seek moves to dismiss the case for lack of personal jurisdiction and lack of subject matter jurisdiction. Because ZipStorm has no reasonable apprehension that Seek intends to take any action against its trademarks in the United States, the Court does not have subject matter jurisdiction, and the case is dismissed without prejudice.

## I.   BACKGROUND[1]

ZipStorm is a Washington-based technology company that has "advertised, marketed, built, and provided an industry leading recruiting and talent optimization tool that enables employers to quickly hire, grow, and retain talent while focusing on diversity, technical expertise,

---

[1] This Order refers to the parties' briefing using the CM/ECF page numbers.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

and other hard-to-find skillsets." Dkt. No. 1 ¶ 10.[2]  ZipStorm has two registered trademarks relevant to this dispute: the SEEKOUT design mark (Dkt. No. 1-1) and the SEEKOUT word mark (Dkt. No. 1-2).  ZipStorm also has a pending application for a second SEEKOUT design mark. Dkt. No. 1-3.

Seek is an Australian technology company that operates an "online employment marketplace" that "matches hirers and jobseekers with career opportunities and related services on the Internet." Dkt. No. 18 ¶ 4.  Seek "operates its employment marketplace platform in Australia, New Zealand, Hong Kong, Indonesia, Malaysia, the Philippines, Singapore, and Thailand." *Id.*  These websites are accessible to, and accessed by, individuals in the United States. Dkt. No. 1 ¶ 28.  Seek has a registered trademark in Singapore for SEEK. *Id.* ¶ 31.

In 2021, ZipStorm applied to register SEEKOUT trademarks in Singapore.  Dkt. No. 1 ¶ 30, Dkt. No. 18 ¶ 19.  Seek objected to these applications in Singapore.  Dkt. No. 1 ¶ 30, Dkt. No. 18 ¶ 20.  In June 2024, ZipStorm filed an invalidation action in Singapore against Seek's SEEK trademark.  Dkt. No. 1 ¶ 31, Dkt. No. 18 ¶ 21.

On August 30, 2024, in response to prior correspondence, Seek sent ZipStorm's Singaporean counsel a demand letter "under Order 5 Rule 1 of the Rules of Court 2021 (Singapore)[.]"  Dkt. No. 1-5 at 2.  Seek demanded that ZipStorm "ceas[e] the use of [SEEKOUT marks] in Singapore and other countries in which [Seek] has prior rights in and to SEEK." *Id.* Seek's letter went on to state that if ZipStorm did not cease such activity, Seek would "commence proceedings against [ZipStorm] for trade mark infringement and passing off in the High Court of Singapore[.]" *Id.*  The letter ended with a demand for ZipStorm to take various actions, including:

---

[2] The Court presumes the truth of ZipStorm's unchallenged factual allegations for the purposes of this motion.  *See Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 2

(c) **immediately** cease any and all use of the SEEKOUT Marks in Singapore and other countries in which SEEK Limited's SEEK trade marks are used, registered or reputed, as a trade mark, company name, business name, domain name, social media account name, key word or AdWord, in connection with the Applied-for Services, the SeekOut Services, or any other goods or services relevantly similar to those offered by our client under the SEEK Trade Marks or covered by our client's trade mark registrations;

(d) never in the future use or apply to register in Singapore or other countries in which SEEK Limited's SEEK trade marks are used, registered or reputed the SEEKOUT Marks, or any other sign that is confusingly similar to any of the SEEKOUT Marks, as a trade mark, company name, business name, domain name, social media account name, key word or AdWord, in connection with the Applied-for Services, the SeekOut Services, or any other goods or services relevantly similar to those offered by our client under the SEEK Trade Marks or covered by our client's trade mark registrations;

(e) never oppose, challenge or attempt to remove or cancel any trade mark application or registration owned by our client for or including 'SEEK' in any country in which SEEK Limited operates or has interests[.]

*Id.* at 3–4.

On September 12, 2024, ZipStorm filed this case against Seek under the Declaratory Judgment Act. Dkt. No. 1 ¶ 1 (citing 28 U.S.C. § 2201). ZipStorm alleges that Seek's "threats of infringement action concerning Plaintiff's use of its SEEKOUT Marks in undisclosed countries" (*id.* ¶ 33), "threats to initiate an infringement action against Plaintiff should Plaintiff continue use of its SEEKOUT Marks" (*id.* ¶ 34), and "express threat to challenge Plaintiff's use of its SEEKOUT Marks" (*id.* ¶ 35) support ZipStorm's "real and reasonable apprehension that Defendant will take action against Plaintiff in the United States should it continue use of its SEEKOUT Marks" (*id.* ¶ 34). ZipStorm seeks a declaratory judgment that

> its use and registration of the SEEKOUT Marks, including Plaintiff's Registrations and Plaintiff's Application, does not and will not: (a) infringe Defendant's trademark rights under 15 U.S.C. §§ 1114 or 1125(a) or any other state or federal law; (b) constitute false designation of origin under 15 U.S.C. § 1125(a) or any other state or federal law; (c) constitute unfair competition under 15 U.S.C. § 1125(a) or any other state or federal law; or (d) otherwise violate any rights Defendant might own in the United States.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 3

*Id.* ¶ 41.  In the prayer for relief, ZipStorm also seeks a judgment declaring its two registered marks are valid.  *Id.* at 9.

Seek moves to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(2) for lack of personal jurisdiction.  Dkt. No. 17.  Seek submits a declaration of its general counsel in support of its motion.  Dkt. No. 18.  ZipStorm filed an opposition and declaration with exhibits.  Dkt. Nos. 21–22.  Seek filed a reply and additional declaration.  Dkt. Nos. 25–26.  Neither party requested oral argument, and the matter is ripe for the Court's consideration.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

## II.   ANALYSIS

The Court will first consider the question of subject matter jurisdiction and then, if necessary, turn to the parties' arguments regarding personal jurisdiction.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) ("Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry.").

**A.    Legal Standards**

The Constitution limits federal courts to resolving actual cases and controversies.  *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union* ("SDCCU"), 65 F.4th 1012, 1022 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 190 (2023); U.S. CONST. art. III, § 2.  ZipStorm has the burden to demonstrate that such subject matter jurisdiction exists.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

An attack on subject matter jurisdiction can be facial or factual.  Seek asserts a factual attack by providing evidence outside the complaint to challenge ZipStorm's allegations.  *See* Dkt. No. 18; *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016) (explaining the defendant "mounted a factual attack when it filed declarations and affidavits challenging [p]laintiffs'

allegations"). Under a factual attack, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *see also Holy Ghost Revival Ministries v. City of Marysville*, 98 F. Supp. 3d 1153, 1161 (W.D. Wash. 2015). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union H.S., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Thus, the Court does not need to "presume the truthfulness of the plaintiff['s] allegations" but any factual disputes "must be resolved in favor of [the plaintiff]." *Edison*, 822 F.3d at 517 (cleaned up).

**B.    The Court Does Not Have Subject Matter Jurisdiction.**

In an action for declaratory judgment in the trademark context, "a plaintiff has standing to seek declaratory relief of non-infringement if he demonstrates 'a real and reasonable apprehension that he will be subject to liability' if he continues with his course of conduct." *SDCCU*, 65 F.4th at 1023 (quoting *Societe de Conditionnement en Aluminium v. Hunter Eng'g Co.*, 655 F.2d 938, 944–45 (9th Cir. 1981)). "[A]n actual threat of litigation" is not necessary. *Societe*, 655 F.2d at 944. Instead, the focus is on the "position and perceptions of the plaintiff." *Chesebrough-Pond's, Inc. v. Faberge, Inc.*, 666 F.2d 393, 396 (9th Cir. 1982). "Even without expressly threatening to sue, a defendant can harm a plaintiff by engaging in conduct that compels the plaintiff to 'chill[ ]' its use of its mark. *SDCCU*, 65 F.4th at 1024 (quoting *Chesebrough*, 666 F.2d at 397).

ZipStorm points to the following actions by Seek to support its reasonable apprehension of liability in the United States: (1) Seek threatened that "it would pursue ZipStorm in unspecified 'other countries,'" (2) Seek "has initiated and threatened multiple proceedings overseas[,]"

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 5

(3) Seek has "pointedly failed to state that it will not" "enforce trademark rights in the SEEK Mark [against ZipStorm] in the United States," and (4) Seek "previously made public threats against the owners of other SEEK-formative marks[.]" Dkt. No. 21 at 22. Three of these allegations mischaracterize the record.

First, Seek has not threatened to pursue ZipStorm in "unspecified" other countries. *See* Dkt. No. 21 at 22. Seek's August 2024 demand letter states Seek may "commence proceedings against [ZipStorm] for trade infringement and passing off *in the High Court of Singapore*[.]" Dkt. No. 1-5 at 2 (emphasis added). And Seek limits its language referencing "other countries" to "other countries in which our client has prior rights in and to SEEK." *Id.* at 1; *see id.* at 3, 4 ("other countries in which SEEK Limited's SEEK trade marks are used, registered or reputed"). Seek "does not own any trademark registrations in the United States[.]" Dkt. No.18 ¶ 15. ZipStorm's argument that Seek has made broad threats that could include future action in the United States is not supported by the record.

Second, it is true that Seek has not affirmatively declared it will not pursue a trademark action against ZipStorm in the future. *See generally* Dkt. Nos. 18, 26. But ZipStorm ignores Seek's general counsel's declaration under penalty of perjury that: Seek "does not operate in the United States" (Dkt. No. 18 ¶ 4); Seek "does not own any trademark registrations in the United States, including for the mark SEEK" (*id.* ¶ 15); and Seek has no US-based subsidiaries "that operate under or are authorized to use the SEEK trademark" (*id.* ¶ 17). ZipStorm does not address these statements or explain how Seek's representations constitute reasonable apprehension of suit here.

Third, Seek has not made "public threats against the owners of other SEEK-formative marks[.]" Dkt. No. 21 at 22. More accurately, in 2021, Seek filed extensions with the United States Patent and Trademark Office of the deadline to oppose a third party's application to register

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 6

domestic trademarks in SEEK and SEEK EDUCATION. Dkt. No. 22-1 at 43–44. Seek did not ultimately oppose either application. Dkt. No. 26 ¶ 12.

With these clarifications of the record, and taking the facts in the light most favorable to ZipStorm, the Court must determine whether the parties' relationship and actions create a reasonable apprehension that ZipStorm will face trademark liability in the United States. The Court finds two recent California district court decisions directly on point and persuasive.

In *Splunk Inc. v. Deutsche Telekom AG*, the Northern District of California held the following acts by the defendant were "a country mile from the circumstances typically deemed sufficient to establish [Declaratory Judgment Act] jurisdiction":

> (1) sent a demand letter to Splunk under German and EU law for Splunk's conduct in Europe; (2) filed a trademark action against Splunk in Germany over the EU conduct; (3) reserved its trademark rights under U.S. law; and (4) has not sued Splunk in the United States, and did not oppose Splunk's trademark proceedings before the TTAB.

No. 3:20-cv-04377-JD, 2021 WL 3140832, at *2 (N.D. Cal. July 26, 2021). The facts here are similarly insufficient. Like in *Splunk*, Seek sent a demand letter limited to trademark rights in Singapore and other countries where it had intellectual property rights in SEEK, took affirmative action in Singapore, and has never opposed ZipStorm's rights in the United States. While the additional fact of Seek's 2021 extension requests related to domestic trademark applications of third parties could weigh slightly in ZipStorm's favor, this fact is counterbalanced by Seek's explicit rejection of relevant trademark rights under United States law. *See* Dkt. No. 18 ¶ 15 ("SEEK does not own any trademark registrations in the United States, including for the mark SEEK."). Accordingly, as in *Splunk*, the evidence here is insufficient to support ZipStorm's reasonable apprehension of a trademark dispute in this country.

The Court is also guided by *MGA Ent., Inc. v. Louis Vuitton Malletier, S.A.*, No. 2:18-cv-10758-JFW(RAOx), 2019 WL 2109643 (C.D. Cal. May 14, 2019). There, the Central District of

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 7

California found no case or controversy where the only evidence of a conflict between the parties was defendant's prior trademark action against plaintiff in France, and allegations that defendant previously brought vexatious lawsuits against third parties in the United States. *Id.* at *3–4. ZipStorm attempts to distinguish *MGA* by arguing it "only involved a single proceeding in France, and did not involve claims or communications involving other jurisdictions" while "SEEK has explicitly threatened to expand the parties' dispute to 'other countries,' and has previously asserted trademark rights in the United States." Dkt. No. 21 at 23. But, as described above, the facts that ZipStorm argues differentiate this case from *MGA* are not as ZipStorm alleges them to be. Rather, the undisputed facts are that Seek, at most, made "threats" regarding other countries *where it has trademark rights*, which does not include the United States. *See* Dkt. No. 1-5, Dkt. No. 18 ¶ 15. And while Seek sought an extension of time to oppose a trademark application by third parties here, Seek ultimately never opposed it. Dkt. No. 26 ¶ 12. As such, *MGA* undermines Plaintiff's assertion of subject matter jurisdiction on the facts here.

In contrast to *Splunk* and *MGA*, the cases which ZipStorm relies on are distinguishable. Dkt. No. 21 at 23. In *Rhoades v. Avon Products, Inc.*, the court found plaintiff's apprehension of suit reasonable when "1) Avon's lawyer specifically threatened a trademark infringement suit at a meeting; 2) Avon's counsel wrote a letter threatening 'additional proceedings or litigation'; and 3) Avon's counsel told DermaNew's counsel that Avon would not give up its right to damages." 504 F.3d 1151, 1158 (9th Cir. 2007). There are no such threats here. ZipStorm's two remaining cases found reasonable apprehension of suit when defendants had opposed plaintiff's trademark application or petitioned to cancel plaintiff's registered trademark and included in those filings allegations mirroring the elements of trademark infringement. *See San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 344 F. Supp. 3d 1147, 1156–57 (S.D. Cal. 2018); *Copasetic Clothing Ltd. v. Roots Canada Corp.,* No. 17-CV-02300-GPC-KSC, 2018 WL 4051693, at *5

(S.D. Cal. Aug. 24, 2018).  But "Seek has never filed a petition for cancellation or notice of opposition with the United State Patent and Trademark Office[.]" Dkt. No. 26 ¶ 12.

In sum, ZipStorm has not sufficiently established reasonable apprehension of suit, and there is no case or controversy as required by Article III.  Accordingly, the Court does not have subject matter jurisdiction and the case must be dismissed.

### C.     ZipStorm's Request for Jurisdictional Discovery Is Denied.

ZipStorm's request for jurisdictional discovery appears limited to its arguments on personal jurisdiction.  Dkt. No. 21 at 24 ("While SEEK has multiple ties to the United States as-is, ZipStorm believes that even more contacts can and would be revealed through discovery.").  ZipStorm does not explain what, if any, discovery would be relevant to the question of subject matter jurisdiction so the Court will not grant leave for discovery.  *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (affirming denial of jurisdictional discovery "which was based on little more than a hunch that it might yield jurisdictionally relevant facts").

Lastly, though ZipStorm did not request leave to amend and it appears unlikely it could allege additional facts to support subject matter jurisdiction, because it is not clear that ZipStorm "could not possibly" cure the deficiencies in its complaint, the Court grants leave to amend.  *See Chinatown Neighborhood Ass'n v. Harris*, 33 F. Supp. 3d 1085, 1093 (N.D. Cal. 2014) ("If a motion to dismiss is granted, a court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other fact.").

//

//

//

//


### III. CONCLUSION

For these reasons, the Court grants Defendant's motion to dismiss. Dkt. No. 17. ZipStorm may file an amended complaint by June 30, 2025. To the extent an amended complaint is not filed, the Court will dismiss the case without prejudice.

Dated this 9th day of June, 2025.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge